```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

JOSEPH A. HUNTT            :

     v.                    :   Civil Action No.  DKC 21-1907

FEDERATED MUTUAL INSURANCE :
COMPANY                    :

## MEMORANDUM OPINION

Presently pending and ready for resolution in this insurance claim case is the motion to remand to the Circuit Court for Charles County, Maryland, filed by Plaintiff Joseph A. Huntt. (ECF No. 10). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to remand will be denied.

Plaintiff Joseph A. Huntt alleges that he was injured in a car accident with an underinsured motorist on March 28, 2018. (ECF No. 2, at ¶ 4, 11). Mr. Huntt further alleges that he is an officer of ABS Southeast, LLC, and that Federated Mutual Insurance Company issued a policy to ABS Southeast, LLC, entitling officers of ABS Southeast, LLC to underinsured motorist coverage up to $1,000,000.00, and non-officers to coverage up to $75,000.00. (ECF No. 2, at ¶ 14, 16). Federated

asserts that Mr. Huntt is not an officer entitled to the $1,000,000.00 coverage. (ECF No. 4, at ¶ 16).

Mr. Huntt filed suit against Federated in the Circuit Court for Charles County, seeking judgment that he is entitled to the higher coverage. (ECF No. 2, at 5). Federated removed the action to this court and Mr. Huntt filed a motion to remand to state court. (ECF No. 1; ECF No. 10). Mr. Huntt argues that both he and Federated are citizens of Maryland for the purposes of diversity of citizenship jurisdiction, and thus that this court does not have subject matter jurisdiction. (ECF No. 10). As explained below, Mr. Huntt is a citizen of Maryland, Federated is only a citizen of Minnesota, and thus there is diversity of citizenship.

A defendant can remove an action filed against it in state court to federal district court when there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1441(a); 28 U.S.C. § 1332.

An individual is a citizen of the state in which he or she is domiciled. *See, e.g.*, *Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc*, 145 F.3d 660, 663 (4th Cir. 1998). A corporation is a citizen of (1) the state in which the corporation is incorporated, (2) the state in which the principal place of business for the corporation is located; and (3) when the corporation is an insurer, the state of which the insurer's

2

insured is a citizen, but only when the insurer is being sued in a "direct action" and the insured has not been joined as a party-defendant.  28 U.S.C. § 1332(c)(1), (c)(1)(A).

A "direct action" is a lawsuit in which the plaintiff sues the insurer on a claim the plaintiff could have brought against the insured.  *Elliott v. American States Insurance Company*, 883 F.3d 384, 395 (4th Cir. 2018) (quoting *Searles v. Cincinnati Ins. Co.* 998 F.2d 728, 729 (9th Cir. 1993) ("Unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action.") (cleaned up)). In other words, a lawsuit is only a "direct action" when the plaintiff has a claim against an insured party, but sues the insured party's insurance company directly, instead of suing the insured party.  A "direct action," therefore, does not include "an insured's suit against *his or her own insurer* for breach of the terms of the insurance policy or the insurer's own alleged tortious conduct."  *Id.* (emphasis added).

Mr. Huntt, an insured, is suing Federated, his insurer. This is squarely the type of case the United States Court of Appeals for the Fourth Circuit held was not a direct action in *Elliott*.  Federated, therefore, is only a citizen of the state in which it is incorporated, Minnesota, and the state in which its primary place of business is located, also Minnesota.  (ECF

No. 65, at ¶2).  As Mr. Huntt is a Maryland resident, there is complete diversity of citizenship between the parties.  The amount in controversy requirement is also met, because Mr. Huntt is seeking more than $75,000.00.  (ECF 2, at ¶ 14, 16).

For the foregoing reasons, the motion to remand will be denied.  A separate order will follow.

___/s/___
DEBORAH K. CHASANOW
United States District Judge
